### 10664.  DYER *v.* CANNON.

1. In the trial of a case based upon a distress warrant and a counter-
affidavit it was error to admit, over objection, the plaintiff's testimony
that in a conversation not in the defendant's presence a named person
told him that the defendant "had out two bales of cotton, and . .
was going to move the two bales" away the next day.  This testimony was
inadmissible, as being hearsay.
2. Without this inadmissible testimony there was no evidence to support
the verdict.

DECIDED OCTOBER 20, 1919.

Distraint; from Twiggs superior court—Judge Kent.  May 1,
1919.

*L. D. Moore,* for plaintiff in error.

*H. F. Griffin, Jr., R. A. Harrison, Walter DeFore,* contra.

SMITH, J.   G. F. Cannon sued W. G. Dyer for rent due for the year 1917, the amount sued for being $322.50.   The affidavit was in the usual form and the counter-affidavit simply denied that the rent was due.   An amendment was offered by the plaintiff in which it was alleged that at the time of the bringing of the distress warrant in this case, the tenant W. G. Dyer was seeking to remove his crops from the premises without the consent of the plaintiff. The jury found in favor of the plaintiff, $390 principal and $36.40 interest.   The defendant made a motion for a new trial, upon the general grounds, and also upon three special grounds.   In one of the grounds it was complained that the verdict and judgment were for $68 principal and $5.69 interest more than the amount claimed in the distress warrant.   In view of the ruling stated in the headnotes, it is unnecessary to say more as to this ground than that the error complained of, if error at all, will not likely recur on another trial, as the plaintiff will have an opportunity to amend his affidavit with reference to the amount claimed as rent.   The the third ground of the amendment to the motion for a new trial refers to the evidence of G. F. Cannon, relating to a conversation had with one W. C. King on the day preceding the issuance of the warrant and not in the presence of Dyer, the defendant.   This evidence was improperly admitted, it being purely hearsay.   In the third ground of the amendment of the motion for a new trial it is insisted that the verdict is contrary to the evidence and without evidence to support it, in that there was no evidence to show that Dyer, the defendant, had removed or was seeking to remove any of his crop from the premises.   The evidence of the conversation between G. F. Cannon and W. C. King having been erroneously admitted, there was no evidence left in the case to sustain the contention of the plaintiff that Dyer had removed or was removing or seeking to remove any of his crop from the premises, and it was admitted by the plaintiff that the rent was not due until October 15, 1917.   It is true that there was some evidence to the effect that Dyer, the tenant, had gathered some wheat off of the farm in the latter part of May, and had it ground, using part of it for himself and his family, and exchanging 24 pounds of the flour for 24 pounds of commercial flour, which was used by himself and family; but this evidence was insufficient to support the contention of the

plaintiff, which was set out in the amendment to his affidavit to procure the distress warrant. This transaction occurred in May prior to the suing out of the distress warrant on August 27th, and was not substantial enough to place the defendant in the position where a distress warrant could legally issue against him under section 3700 of the Civil Code of 1910.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*